FILED
SCRANTON

JUN 1 9 2012

PER_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHEN I. CHUNG,                          :
                                        :
           Petitioner                   :      CIVIL NO. 3:12-CV-489
                                        :
   v.                                   :      (JUDGE NEALON)
                                        :      (MAGISTRATE JUDGE SMYSER)
DAVID EBBERT, WARDEN,                   :
                                        :
           Respondent                   :

## MEMORANDUM

On March 19, 2012, Chen Chung ("Petitioner"), an inmate currently incarcerated at the

Canaan United States Penitentiary in Waymart, Pennsylvania, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241 challenging his criminal conviction in the United States

District Court for the Eastern District of New York. (Doc. 1). Respondent filed a response to the

petition on April 12, 2012, to which Petitioner filed a traverse on April 23, 2012. (Docs. 6-7).

On May 7, 2012, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation

("R&R") concluding that because Petitioner's claims are cognizable under 28 U.S.C. § 2255, the

section 2241 petition should be dismissed. (Doc. 8). On May 21, 2012, Petitioner filed

objections to the R&R. (Doc. 9). For the reasons set forth below, the R&R will be adopted.

## Background

On April 15, 1992, Petitioner was convicted by a jury of multiple counts of racketeering,

manslaughter, and murder. See Chung v. United States, 2012 U.S. Dist. LEXIS 7333 (E.D. N.Y.

2012) (citing United States v. Chung, No. 1:90-cr-1019 (E.D. N.Y. filed December 3, 1990)). He

was sentenced to concurrent terms of life imprisonment. Id. On direct appeal, the Second

Circuit Court of Appeals affirmed the conviction and sentence, except as to the monetary fines.

See United States v. Wong, 40 F.3d 1347 (2d Cir. 1994).  The final amended judgment was entered on August 14, 1995.  See Chung, 2012 U.S. Dist. LEXIS 7333 at *1.

Approximately sixteen (16) years later, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.  Id.  On January 23, 2012, the Court dismissed his motion as untimely,[1] finding that his "stale, barebones allegations" do not "constitute 'extraordinary circumstances' because Chung has not shown that the alleged conduct of counsel during the early 1990's is responsible for the near sixteen-year delay in filing." Id. at *5.  The Second Circuit Court of Appeals, finding that Petitioner did not make a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), denied his request for a certificate of appealability on March 6, 2012.  See Chung v. United States, No. 1:11-cv-3579 (E.D. N.Y. filed July 22, 2011).  The instant action was filed on March 19, 2012, under 28 U.S.C. § 2241.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.); Cf. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D.

---

[1] See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").

2

Pa. 1998) (Vanaskie, J.) (In the absence of objections, review may properly be limited to ascertaining whether there is clear error.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

In light of Petitioner's objections to the R&R, de novo review will be conducted.

**Discussion**

The R&R states that motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. (Doc. 8, pp. 2-3) (citing O'Kereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). Accordingly, review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. (Id.) (quoting Manna v. Schultz, 454 Fed. Appx. 31, 33 (3d Cir. 2010)). Magistrate Judge Smyser explains that a "motion under § 2255 is inadequate or ineffective only if 'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" (Id.) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)); see also Yuzary v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the

amended § 2255." (Id.) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)).

Magistrate Judge Smyser determines that Petitioner's contention as to why 28 U.S.C. § 2255 is inadequate is based on the denial of his section 2255 motion as untimely, allegedly resulting from the ineffectiveness of counsel and Petitioner's inability to understand English. (Doc. 8, p. 4). However, the Third Circuit Court of Appeals holds that this does not render section 2255 inadequate. (Id.) (citing Cradle, 290 F.3d at 539). Accordingly, the R&R concludes that Petitioner cannot resort to a section 2241 habeas corpus petition to present his claims. (Id.).

After de novo review, this Court agrees.

In his habeas petition, Petitioner alleges that section 2255 is inadequate and ineffective because he could not speak, write, or read English, which caused him to miss the one-year statute of limitations for a section 2255 motion after his attorney "abandoned" him. (Doc. 1, p. 4). Notably, this is the same argument Petitioner presented to the United States District Court for the Eastern District of New York in his motion to vacate sentence. See Chung, 2012 U.S. Dist. LEXIS 7333 at *5-6 (refusing to address the merits of Petitioner's claims because he "has made no showing whatsoever on diligence" and "the Court has encountered no set of facts in the AEDPA tolling[2] jurisprudence that remotely approaches the magnitude of time involved here"). In his objections to the R&R, Petitioner asserts that it was this procedural limitation that prevented him from receiving a full hearing under section 2255. (Doc. 9, pp. 1-2) (comparing his inability to understand English and being without an attorney to a blind man sitting in the middle

---

[2]See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (holding that because the statute of limitations for filing a section 2255 motion is not jurisdictional, it may be subject to equitable tolling where the petitioner establishes that he has been diligently pursing his rights and extraordinary circumstances prevented a timely filing).

of nowhere).

As Magistrate Judge Smyser correctly explains, section 2255 is not rendered inadequate or ineffective merely because the one-year statute of limitations has expired. See Cradle, 290 F.3d at 539. The Third Circuit Court of Appeals has also rejected the argument that a petitioner's inability to speak English will excuse a lengthy delay in seeking collateral relief. See Soler v. Martinez, 435 Fed. Appx. 69 (3d Cir. 2011), cert. denied, 132 S. Ct. 1814 (2012). In Soler, the petitioner, who waited almost eight (8) years before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241, argued that he should be excused from not timely filing a section 2255 motion "because he is a seventy-five year old, non-English speaking Puerto Rican who lacks formal education beyond the first grade." Id.; Soler v. Martinez, 2011 U.S. Dist. LEXIS 7384, *6-7 (M.D. Pa. 2011) (Jones, J.) (finding insufficient reasons to allow the petitioner to pursue his claims under section 2241). The Third Circuit Court of Appeals held that "[a]lthough some delay in filing a post-conviction motion is understandable given Soler's unfamiliarity with English and his lack of education, that alone does not place Soler's case in the narrow class of exceptions that would allow him to file a § 2241 petition." Id. Accordingly, section 2255 is not inadequate or ineffective to permit the instant Petitioner, who waited twice as long as Soler, to seek relief under section 2241.

Next, Petitioner challenges the Magistrate Judge's determination that his case does not fall under the exception created by the Court in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). (Doc. 9). The R&R explains that section 2255 may be inadequate or ineffective when the petitioner "is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion." (Doc. 8, p.

5

4) (citing In re Dorsainvil, 119 F.3d 245)).  Petitioner alleges that In re Dorsainvil, 119 F.3d 245,

allows him to proceed under section 2241 because his conduct was not criminal.  (Doc. 9, pp. 2-

5, Appendix A).  Specifically, he asserts that Congress exceeded its commerce powers in

formulating the RICO statutes, that he was charged with being a leader of an organization, the

Green Dragons, whose activities allegedly affected interstate commerce, but that interstate

commerce was not affected.  (Id.).  Petitioner argues that there was no crime because there was

no violation of the interstate commerce clause.  (Id.).

 After an independent examination, this Court will overrule Petitioner's objection because

he misreads In re Dorsainvil, 119 F.3d 245.  The petitioner in In re Dorsainvil was in an "unusual

position - that of a prisoner who had no earlier opportunity to challenge his conviction for a

crime that an intervening change in substantive law may negate."  Id. at 251 ("Our holding that in

this circumstance § 2255 is inadequate or ineffective is therefore a narrow one.").  In the instant

action, Petitioner had an "earlier opportunity" to challenge his conviction and the commerce

clause is not an "intervening change in substantive law."  Consequently, the recommendation in

the R&R to dismiss[3] the section 2241 habeas corpus petition and close the case will be adopted.

**Conclusion**

 Upon de novo review of the R&R, this Court concludes that Magistrate Judge Smyser

correctly determines that Petitioner may not proceed under 28 U.S.C. § 2241.  Regardless of

---

 [3]"If a [petitioner] improperly challenges his federal conviction or sentence under § 2241,
the petition must be dismissed for lack of jurisdiction." Pryce v. Scism, 2011 U.S. Dist. LEXIS
1171, *8 (M.D. Pa. 2011) (Jones, J.) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir.
1971)); see also Fraser v. Zenk, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004) (Section 2255
"channels collateral attacks by federal prisoners to the sentencing court rather than to the court in
the district of confinement so that they can be addressed more efficiently."), citing United States
v. Hayman, 342 U.S. 205, 210-19 (1952).

Petitioner's inability to understand the English language, section 2255 is not inadequate or

ineffective to test the legality of his detention because the statute of limitations within which to

file such a motion has elapsed.  Further, Petitioner's case does not fall under the narrow

exception created by In re Dorsainvil, 119 F.3d 245.  Petitioner's objections will be overruled,

the R&R will be adopted, and the habeas corpus petition will be dismissed.

Out of an abundance of caution,[4] this Court has considered whether a certificate of

appealability ("COA") should issue pursuant to 28 U.S.C. § 2253.  See U.S.C. Sec. 2255 Proc. R.

11.  The United States Supreme Court holds that when a district court denies a petition on

procedural grounds, a COA should only issue when the petitioner shows that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and whether the district court was correct in its procedural ruling.  See Slack v. McDaniel,

529 U.S. 473, 484 (2000).  Considering the plain procedural bar in the instant action, it is

determined that Petitioner cannot make such a showing.  See Vogt v. Coleman, 2010 U.S. Dist.

LEXIS 1517, *24 (W.D. Pa. 2010) (concluding that "jurists of reason would not find it debatable

whether the Petition was filed within the one-year limitation period provided for under AEDPA"

and denying a certificate of appealability).  Therefore, a certificate of appealability will be

denied.

---

[4]Compare Winfield v. Bledsoe, 2011 U.S. Dist. LEXIS 130139, *10 (M.D. Pa. 2011)
(Munley, J.) (finding that because a section 2255 motion is an adequate remedy, the petitioner
failed to make a substantial showing of the denial of a constitutional right to permit the issuance
of a certificate of appealability on the section 2241 petition), with Santos v. United States, 2010
U.S. Dist. LEXIS 2493, *9 n.6 (M.D. Pa. 2010) (Caputo, J.) ("Federal prisoner appeals from the
denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability
requirement ....  As such, this Court makes no certificate of appealability determination in this
matter.") (citing United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. §
2253(c)(1)(B)).

A separate Order will be issued.

United States District Judge

Date: June 19, 2012